# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 4, 2013

No. 11-20645
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SUNNY ROBINSON,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-422-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sunny Robinson was convicted by a jury of conspiracy to commit health care fraud, aiding and abetting health care fraud, conspiracy to violate the Anti-Kickback Statute, and paying kickbacks in violation of the Anti-Kickback Statute, all in violation of 18 U.S.C. §§ 371, 1347, 1349 and 42 U.S.C. § 1320a-7b(b)(2). He was sentenced to a total of 97 months of imprisonment and to concurrent three-year terms of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On appeal, Robinson argues that the district court erred in denying his motion for a judgment of acquittal on the anti-kickback counts on the grounds that the Anti-Kickback Statute and the statute's safe-harbor provision are unconstitutionally vague. He also argues, alternatively, that the statute's safe-harbor provision should have applied to exempt his conduct.

According to the indictment, Robinson owned and operated Memorial Medical Supply ("MMS"), a company that provided durable medical equipment to Medicare beneficiaries. The indictment alleged Robinson paid kickbacks to Lisa Jones and Shirley Chavis in exchange for Medicare beneficiary information. We review *de novo* the district court's denial of a motion for a judgment of acquittal. *United States v. Girod*, 646 F.3d 304, 313 (5th Cir. 2011). Challenges to the constitutionality of a federal statute are also reviewed *de novo*. *United States v. Portillo-Munoz*, 643 F.3d 437, 439 (5th Cir. 2011), *cert. denied,* 132 S. Ct. 1969 (2012).

"A conviction fails to comport with due process if the statute under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *Holder v. Humanitarian Law Project*, 130 S.Ct. 2705, 2718 (2010). We consider whether a statute is unconstitutionally vague "as applied to the particular facts at issue." *Id.* at 2718-19.

The Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b)(2), "criminalizes the payment of any funds or benefits designed to encourage an individual to refer another party to a Medicare provider for services to be paid for by the Medicare program." *United States v. Miles*, 360 F.3d 472, 479 (5th Cir. 2004). Under the safe-harbor provision, the statute's criminal prohibition does not apply to "any amount paid by an employer to an employee (who has a bona fide employment relationship with such employer) for employment in the provision of covered items or services." § 1320a-7b(b)(3)(B). Although Robinson contends that the provision's definition of "employee" is vague, the safe-harbor provision relies on

26 U.S.C. § 3121(d)(2) for the definition that an employee is "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." 42 C.F.R. § 1001.952(I).

When a federal statute such as this one refers to the common law definition of employee, the statute incorporates the "general common law of agency." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 323 (1992). The hiring party's "right to control the manner and means" of the work performed is important to determining whether there is employee status. *Id.* Relevant factors include the method of payment, "whether the work is part of the regular business of the hiring party," and the hiring party's control over work hours. *Id.* at 323-24. No one factor is determinative; "all of the incidents of the relationship must be assessed and weighed." *Id.* at 324.[1]

The Anti-Kickback Statute provided Robinson with fair notice that the paying of fees and commissions to Jones and Chavis for Medicare referrals was prohibited conduct and, thus, the statute was not unconstitutionally vague as applied in this case. The evidence presented does not support Robinson's affirmative defense that Jones and Chavis were bona fide employees such that the safe-harbor provision applied to exempt his conduct.

The evidence reflects that both Jones and Chavis were paid either a fee or a commission for each referral of a Medicare beneficiary that they provided to MMS. They did not receive regular paychecks; payments were made for referrals only. There was no evidence that Robinson provided any training or direction to either Jones or Chavis about marketing, nor was there any evidence that either Jones or Chavis ever received any payments from MMS to advertise or market MMS's products. Moreover, the Medicare referrals were obtained from leads and sources that were not provided by MMS: Jones used her

---

[1] Another panel of this court interpreted the statutory language in the same manner. *See United States v. Job*, 387 F. App'x 445, 455 (5th Cir. 2010) (unpublished).

employer's database to obtain referrals, and Chavis relied on her own personal and professional contacts to obtain referrals. There is no evidence that Robinson required Jones or Chavis to keep regular office hours. Indeed, they did not have offices at MMS. Thus, Robinson did not have sufficient control over the manner and means of the work performed by Jones and Chavis to characterize this as a bona fide employment relationship.

In light of this and the other evidence presented at trial, we cannot conclude that the district court's denial of Robinson's motion was erroneous or that the evidence provided a sufficient foundation for Robinson's affirmative defense that the safe-harbor exception applies in his case.

Accordingly, the district court's judgment is AFFIRMED.